UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   04/01/26

SABRINA FELLOWS, et al.,

        Plaintiffs,

    -against-

UNIVERSAL SERVICES OF AMERICA,
LP, et al.,

        Defendants.

25-CV-10659 (GHW) (BCM)

**INITIAL CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1.     <u>Joinder and Amendment</u>. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties must be made pursuant to Fed. R. Civ. P. 15(a)(2) and will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4).

2.     <u>Motions</u>. Defendants must answer or otherwise respond to the amended complaint no later than **April 30, 2026**. Plaintiff's opposition to any motions to dismiss the amended complaint is due no later than **May 29, 2026**. Defendants' reply is due no later than **June 12, 2026**.

3.     <u>Prior Motions</u>. Defendants' motions to dismiss the original complaint (Dkts. 43, 47, and 48), and defendants' letter-motion to stay discovery (Dkt. 63), are DENIED as moot in light of the filing of the amended complaint.

4.     <u>Automatic Disclosures</u>. The parties must exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **April 15, 2026**.

5.     <u>Stipulated Orders</u>. The parties must submit any stipulated protective order or stipulated ESI order no later than **April 21, 2026**.

6.     <u>Written Discovery</u>. The parties must serve their initial requests for production of documents and any initial interrogatories (in compliance with Local Rule 33.3(a)) no later than **May 15, 2026**.

7.     <u>Depositions and Additional Fact Discovery</u>. All remaining fact discovery, including depositions, must be completed no later than **November 17, 2026**.

8.     <u>Close of Discovery</u>. All discovery must be completed no later than **November 17, 2026**.

9.    Timely Discovery. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

10.   Status Conference. Judge Moses will conduct a status conference on **October 15, 2026**, at **11:00 a.m.** No later than **October 8, 2026**, the parties must submit a joint status letter outlining the progress of discovery to date, as well as any settlement efforts. The parties should also address any requests to extend the discovery schedule and/or set expert discovery deadlines.

11.   Settlement Conference. If and when the parties believe that a judicially supervised settlement conference would be productive, they may request such a conference by letter. Before submitting such a letter, the parties may inquire as to the Court's availability by contacting the Courtroom Deputy at 212-805-0228.

12.   Conferences and Hearings. All court conferences, hearings, and other proceedings will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(855) 244-8681** on their scheduled date, a few minutes before their scheduled time, and enter the access code **2314 181 4376#**. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

13.   Remote Depositions. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

14.   Summary Judgment. Summary judgment motions, if any (or, pre-motion conference letters with respect to summary judgment) must be filed no later than **30 days after the close of discovery**. Summary judgment motion papers must conform to Judge Moses's individual practices.

2

15.    Joint Pretrial Order. The parties' proposed joint pretrial order must be filed no later than **30 days after the close of discovery**, unless there are pre-motion conference letters with respect to summary judgment, or summary judgment motion(s), in which case the joint pretrial order must be filed no later than **30 days after the decision on the motion(s)**. The proposed joint pretrial order must conform to the individual practices of the district judge.

16.    Trial. The parties have stated that the anticipated length of trial is two weeks. Plaintiff has requested a jury trial.

17.    Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

18.    Discovery Applications. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

19.    Fed. R. Evid. 502(d) Order. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

The Clerk of Court is respectfully directed to close the motions at Dkts. 43, 46, 47, 48, and 63.

Dated:  New York, New York          **SO ORDERED**.
        April 1, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3