**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

SABRINA FELLOWS et al.,

          *Plaintiffs,*

v.

UNIVERSAL SERVICES OF AMERICA, LP et al.,

          *Defendants.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___04/23/26___

No. 1:25-cv-10659-GHW-BCM

**STIPULATED PROTECTIVE ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential or Attorneys' Eyes Only**

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Order shall not disclose such designated Discovery Material to anyone else except as expressly permitted hereunder.

2.    The person producing Discovery Material may only designate as "CONFIDENTIAL" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3.    The person producing Discovery Material may only designate as "ATTORNEYS' EYES ONLY" any portion thereof that contains trade secrets, proprietary business information, competitively sensitive information, or other information of such a highly sensitive nature that, in the good faith opinion of the producing person, disclosure of such information to anyone other than outside counsel of record and their support staff would create a substantial risk of serious competitive or business harm to the producing person. The "ATTORNEYS' EYES ONLY" designation shall be reserved for information that warrants protection beyond the "Confidential" designation provided in this Order. Where the Attorneys' Eyes Only portion is reasonably separable from the remainder, via redaction or otherwise, only the Attorneys' Eyes Only portion shall be so designated.

4.    With respect to the Confidential or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion by stamping or otherwise clearly

marking as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Attorneys' Eyes Only" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL – Information Governed by Protective Order" or "ATTORNEYS' EYES ONLY – Information Governed by Protective Order," as applicable, by the reporter.

5.    If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that person previously produced without limitation, or with a lower designation, should be designated or re-designated as "Confidential" or "Attorneys' Eyes Only," the producing person may so designate that portion by promptly notifying all parties in writing, specifying the designation being applied. Such designated portion of the Discovery Material will thereafter be treated under the applicable designation under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the appropriate designation within two (2) business days of providing such notice. Any person who received such Discovery Material prior to its designation or re-designation shall treat the material in accordance with the new designation from the date of notification forward.

**Who May Receive Confidential and Attorneys' Eyes Only Materials**

6.      No person subject to this Order, other than the producing person, shall disclose any

Confidential Discovery Material to any other person whomsoever, except to:

(a)      the parties to this action;

(b)      counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(c)      as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d)      any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e)      any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f)      stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g)      independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h)      the Court and its staff; and

(i)     any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

7.    No person subject to this Order, other than the producing person, shall disclose any Attorneys' Eyes Only Discovery Material to any other person whomsoever, including the parties themselves and their officers, directors, and employees (other than in-house counsel as provided in subparagraph (b) below), except to:

(a)    outside counsel of record retained specifically for this action, including any paralegal, clerical, or other assistant employed by such counsel and assigned specifically to work on this action;

(b)    in-house counsel for a party who has direct supervisory responsibility over the management of this action, provided such in-house counsel has first executed a Non-Disclosure Agreement in the form annexed hereto, and provided further that such in-house counsel does not have any direct involvement in competitive decision-making relating to the subject matter of the Attorneys' Eyes Only Discovery Material;

(c)    any person retained by a party to serve as an expert witness or consultant in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto, and further provided that disclosure of specific Attorneys' Eyes Only Discovery Material to such person has been approved by the designating party or ordered by the Court upon application;

 (d) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

 (e) independent photocopying, graphic production services, or other litigation support services employed by counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

 (f) the Court and its staff; and

 (g) any other person whom the producing person, or other person designating the Discovery Material "Attorneys' Eyes Only," agrees in writing may have access to such Attorneys' Eyes Only Discovery Material.

8. Notwithstanding anything to the contrary herein, the Parties agree that they may utilize artificial intelligence ("AI") tools in connection with the review, analysis, and management of any Confidential or Attorneys' Eyes Only Discovery Material in connection with this action, subject to the restrictions herein. A Party may upload Confidential or Attorneys' Eyes Only Discovery Material or input information from Confidential or Attorneys' Eyes Only Discovery Material to a closed (*i.e.*, owned or licensed or not otherwise available to the general public) Generative AI tool (*i.e.*, a tool that leverages complex algorithms to generate human-like text, images, code, and other content) ("Generative AI") to the extent that: (1) the AI tool is operated in a manner that maintains the confidentiality of the Confidential or Attorneys' Eyes Only Discovery Material in accordance with this Order and any ESI order(s); (2) the AI tool and any associated service provider shall not use, access, or retain the Confidential or Attorneys' Eyes Only Discovery Material for any purpose other

than to provide the contracted services to the party; (3) the AI tool shall not use the Confidential or Attorneys' Eyes Only Discovery Material to train open or non-closed AI models or for any other purpose unrelated to this litigation; (4) the use of the AI tool shall not result in disclosure of Confidential or Attorneys' Eyes Only Discovery Material to any person or entity not otherwise authorized to receive such material under this Order (other than subprocessors of such AI tools where such subprocessors do not retain such material other than ephemerally during subprocessing); and (5) the AI tool is capable of purging, deleting, and/or destroying any Confidential or Attorneys' Eyes Only Discovery Material. Uploading any Confidential or Attorneys' Eyes Only Discovery Material or inputting data from Confidential or Attorneys' Eyes Only Discovery Material to a closed Generative AI tool that is not compliant with the requirements set forth above constitutes an unauthorized disclosure under this Order. Uploading any Confidential or Attorneys' Eyes Only Discovery Material or inputting data from Confidential or Attorneys' Eyes Only Discovery Material to any open Generative AI tool that is available to the public (*e.g.*, ChatGPT), or any substantially similar tool, constitutes an unauthorized disclosure under this Order.

9. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, or any Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 7(b) or 7(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall

retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential and Attorneys' Eyes Only Materials in this Action**

10.    If at any time prior to the trial of this action, a person subject to this Order objects to the designation of any Discovery Material as "Confidential" or "Attorneys' Eyes Only," or seeks to change the designation of any Discovery Material from one tier to another, such person may serve upon the designating person and all other parties a written notice challenging the designation. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.  In any such dispute raised with the Court, the person who designates material as "Confidential" or "Attorneys' Eyes Only" has the burden of demonstrating the material is confidential or attorneys' eyes only under the terms of this Order.

11.    Notwithstanding the designation of material as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such designated Discovery Material will be filed with the Court under seal. The parties shall follow the individual practices of the Magistrate or District Judge to whom they direct pretrial requests for filing under seal.

12.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or Attorneys' Eyes Only or sealed during pretrial proceedings.

13. Each person who has access to Confidential or Attorneys' Eyes Only Discovery Material shall take all due precautions to prevent the unauthorized or disclosure of such material.

**Disclosure of Privileged Materials**

14. As set forth in the Court's Initial Case Management Order, ECF No. 65 (the "CMO"), "[t]he disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production" (together, "Privileged Information") "shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding." As set forth in the CMO, that order "shall be interpreted to provide the maximum protection permitted by Federal Rule of Evidence 502(d)." ECF No. 65.

15. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of Privileged Information, a producing person discloses Privileged Information, such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Privileged Information and its subject matter in this case or in any other federal or state proceeding.

16. Promptly upon discovering the disclosure of Privileged Information, a producing party must notify the party receiving the Privileged Information, in writing, that it has disclosed such information without intending a waiver by the disclosure.

17. Upon receipt of such notification, all receiving persons shall, within five (5) business days, return or destroy all copies of the Privileged Information, and

provide a certification of counsel that all such information has been returned or destroyed.

18. Within five (5) business days of the notification that such Privileged Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Privileged Information.

19. If a receiving person thereafter moves the Court for an order compelling production of the Privileged Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the production. The disclosing person retains the burden of establishing the privileged or protected nature of any Privileged Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Privileged Information.

**Termination of the Litigation**

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material, all Attorneys' Eyes Only Discovery Material, and all copies thereof, shall be promptly returned to the producing person or destroyed.

21. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

April 21, 2026

/s/ Pamela S.C. Reynolds (w/consent)
Pamela S.C. Reynolds
preynolds@littler.com
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Telephone: 585.203.3400
Facsimile: 585.203.3414

Wesley E. Stockard*
wstockard@littler.com
Rachel P. Kaercher*
rkaercher@littler.com
Kaylee M. Patterson*
kmarchitto@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA 30326
Telephone: 404.443.3502

Simon J. Torres*
storres@littler.com
Tara McAndrew*
tmcandrew@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW
Suite 400
Washington, DC 20006-4046
Telephone: 202.842.3400

*Attorneys for Defendant Universal Services of America, LP d/b/a Allied Universal and Allied Universal Employee Benefits Committee*

/s/ Alison V. Douglass (with consent)
Alison V. Douglass*
James O. Fleckner*
Katherine G. McKenney*
GOODWIN PROCTER LLP
100 Northern Avenue

/s/ Andrew D. Schlichter
Andrew D. Schlichter, Bar No. 4403267
Alexander L. Braitberg*
Patrick R. Kutz*
Kaitlin Minkler*
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
(314) 621-5934 (fax)
aschlichter@uselaws.com
abraitberg@uselaws.com
pkutz@uselaws.com
kminkler@uselaws.com

Ruben R. Chapa*
SCHLICHTER BOGARD LLC
33 North Dearborn Street, Suite 1170
Chicago, IL 60602
(630) 919-9301
(314) 621-5934 (fax)
rchapa@uselaws.com

*Attorneys for Plaintiffs*

Boston, MA 02210
Tel: (617) 570-1000
ADouglass@goodwinlaw.com
JFleckner@goodwinlaw.com
KMcKenney@goodwinlaw.com

Samuel J. Rubin
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 813-8800
SRubin@goodwinlaw.com

*Attorneys for Defendant Mercer Health
and Benefits Administration, LLC*

/s/ Robert C. Hora (with consent)
Scott A. Edelman
Sean M. Murphy
Robert C. Hora
Lucille E. Baeurle
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
smurphy@milbank.com
sedelman@milbank.com
rhora@milbank.com
lbaeurle@milbank.com

*Attorneys for Defendant Lockton
Companies, LLC*

\* Admitted *pro hac vice*

12

SO ORDERED.

Dated:_____April 23,___, 2026

**BARBARA MOSES**
**United States Magistrate Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

SABRINA FELLOWS et al.,

                    *Plaintiffs*,

v.

UNIVERSAL SERVICES OF AMERICA,
LP et al.,

                    *Defendants*.

No. 1:25-cv-10659-GHW-BCM

**NON-DISCLOSURE AGREEMENT**

I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such designated Discovery Material to anyone other than for purposes of this litigation and in accordance with the terms of the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____       _____
                                     [Signature]