USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 7/20/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SABRINA FELLOWS, et al.,

Plaintiffs,

-against-

UNIVERSAL SERVICES OF AMERICA, LP, et al.,

Defendants.

25-CV-10659 (GHW) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the Court will grant the motion of defendants Universal Services of America, LP d/b/a Allied Universal (Allied Universal), Allied Universal Employee Benefits Committee (collectively, Allied, or the Allied Defendants), Mercer Health and Benefits Administration, LLC (Mercer), and Lockton Companies, LLC (Lockton) to stay discovery pending the outcome of their motions to dismiss plaintiffs' First Amended Complaint (FAC).

**Background**

In this putative class action, plaintiffs – Sabrina Fellows, Edmund Lynn III, Donna Patton, Wesley Hall, and Nina Bustamante-Vicario – allege that defendants breached their fiduciary duties under the Employee Retirement Income Security Act (ERISA) through "misconduct and self-dealing," related in part to the "commission fee structures" for Allied Universal's voluntary benefits insurance, causing employee participants to "overpa[y] for premiums." *See* Cmplt. (Dkt. 1) ¶¶ 7, 12, 145; FAC (Dkt. 64) ¶¶ 7, 12, 170. On December 29, 2025 the Hon. Gregory H. Woods, United States District Judge, referred the case to me for general pretrial management. (Dkt. 19.) On February 25, 2026, defendants moved to dismiss the Complaint. (Dkts. 43, 47, 48.) On March 27, 2026, defendants moved for a stay of discovery, pursuant to Fed. R. Civ. P. 26(c), based on their pending motions to dismiss. (Dkt. 63.)

On March 30, 2026, plaintiffs filed their First Amended Complaint, which mooted defendants' motions to dismiss the original Complaint. On April 1, 2026, I conducted an initial case management conference, denied defendants' letter-motion to stay discovery – because it too was moot in light of the FAC – and set a briefing schedule for any motions to dismiss the FAC. (Dkt. 65 ¶¶ 2, 3.)

On April 30, 2026, defendants filed three motions to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkts. 72, 75, 81.) The Allied Defendants argue, among other things, that plaintiffs lack standing to challenge the costs of the insurance program, since they voluntarily elected to participate in it, and received voluntary benefits. *See* Allied Mem. (Dkt. 73) at 9-12. In their respective motions, Mercer and Lockton argue, among other things, that they are not fiduciaries under ERISA. *See* Mercer Mem. (Dkt. 76) at 10-21; Lockton Mem. (Dkt. 84) at 13-19.

Also on April 30, 2026, defendants filed their joint letter-motion (Def. Mot.) (Dkt. 87) to stay discovery pending the outcome of their newly-filed motions to dismiss. On May 5, 2026, plaintiffs opposed defendants' stay motion (Pl. Resp.) (Dkt. 89), and, on May 7, 2026, defendants filed their reply (Def. Reply) (Dkt. 93) in further support of a discovery stay.[1]

On May 29, 2026, plaintiffs filed two memoranda of law in opposition to the three motions to dismiss the FAC, one addressing standing (Dkt. 99), and one addressing whether the FAC states a valid claim. (Dkt. 100.) On June 12, 2026, defendants filed their reply memoranda in support of their respective motions to dismiss (Dkts. 101, 102, 103), making the motions fully briefed.

[1] On June 15 and July 13, 2026 – without first seeking leave of Court – defendants filed supplemental letters "in further support" of their stay motion (Dkts. 104, 105), attaching additional authority.

**Standards**

District courts have "considerable discretion" to stay discovery upon a showing of good cause, *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (citation omitted), which can be furnished by the pendency of a motion to dismiss that presents "substantial arguments for dismissal." *Id.* (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (cleaned up)). In evaluating whether the movant has demonstrated good cause, courts typically consider "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin.*, 297 F.R.D. at 72 (cleaned up and quotation omitted); *accord Del Mar TIC I LLC v. Bancorp Bank*, 2024 WL 1348501, at *2 (S.D.N.Y. Mar. 29, 2024). Here, all three factors support the requested stay.

**Analysis**

Although the discovery process is nascent in this case, it is fairly clear that discovery will involve voluminous document production and review. In their first set of requests for production, served after the initial case management conference, plaintiffs seek 110 categories of documents, including "[a]ll meeting-related [d]ocuments, . . . including drafts" of meeting materials, related to the voluntary benefits program, "[a]ll [d]ocuments related to the establishment, authority, and operation of any group . . . responsible for Voluntary Benefits," and any "organizational charts that identify individuals and/or entities involved with the decision-making . . . related to Voluntary Benefits" for each of the defendants. Def. Mot. Ex. A (Dkt. 87-1) ¶¶ 2, 4, 5; *id.* Ex. B (Dkt. 87-2) ¶¶ 2-3, 4; *id*. Ex. C (Dkt. 87-3) ¶¶ 2-3, 4. Defendants argue that plaintiffs' requests, which "span[] seven years" of documents, will likely "require voluminous document production and review." Def. Mot. at 4. The Court agrees.

In putative class actions under ERISA, such as this one, discovery is often one-sided. As the Second Circuit noted in *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013), even the "prospect of discovery in a suit claiming breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests about its methods and knowledge at the relevant times." *Id*. at 719. This burden – while arguably appropriate once the court has determined that plaintiffs have pleaded a cognizable claim under ERISA – "elevates the possibility that 'a plaintiff with a largely groundless claim [will] simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the discovery process will reveal relevant evidence.'" *Id*. (alteration in original) (quoting *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 347 (2005)).

On the other hand, if the motions to dismiss the FAC are granted, there will be no need for discovery, and if even one of the defendants' motions is granted (concluding, for example, that some of the defendants were not fiduciaries), the discovery burden may be significantly reduced. In these circumstances, a stay of discovery would help avoid "burdensome efforts that could be unnecessary . . . and [may] waste [] precious resources." *Long Island Neuroscience Specialists LLP v. Oscar Health, Inc.*, 2026 WL 17142, at *4 (E.D.N.Y. Jan. 2, 2026) (citation omitted); *see also Goldstein v. City Univ. of New York*, 2025 WL 3471131, at *2 (S.D.N.Y. Dec. 3, 2025) (granting stay where, absent such a stay, "the parties could engage in expensive litigation which could be rendered moot if the Court grants the Motion to Dismiss"). Consequently, the first factor weighs in favor of the requested stay.

The second factor also weighs in favor of the stay, as plaintiffs have not identified any prejudice that they will suffer if discovery is delayed. Plaintiffs' ERISA claims will necessarily

rely in large part on the production of documents, which defendants are of course under a duty to preserve. Plaintiffs have not claimed that any particular deposition testimony or other non-documentary evidence is "crucial," *cf. Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 68 (D. Conn. 2010) (refusing to stay the deposition of a party witness whose testimony was "crucial" to plaintiff's ability to survive defendants' motion to dismiss his ERISA claims as time-barred), and it is well-settled that "the general notion that the passage of time will create prejudice" is an insufficient basis on which to resist a discovery stay. *Mazzola v. Anthem Health Plans, Inc.*, 2026 WL 1045702, at *4 (D. Conn. Apr. 17, 2026) ("[D]elay 'cannot itself constitute prejudice sufficient to defeat a motion to stay discovery.'") (quoting *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *9 (S.D.N.Y. April 26, 2018)).

Plaintiffs have noted that, in addition to seeking damages, they request injunctive relief to remedy the current high premiums being charged, which – they argue – necessarily leads to the conclusion that they will suffer prejudice from a stay. Pl. Resp. at 3; *see also* FAC ¶ 251 (alleging that defendants must "make good to the Plan any losses[,]" and requesting that the Court order "other equitable or remedial relief as appropriate"). However, all of the harm that plaintiffs have alleged – including the ongoing high premiums being charged – could be remedied through a damages award. Thus, the mere fact that plaintiffs may seek injunctive relief does not itself demonstrate prejudice. *See, e.g.*, *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 272, 275 (E.D.N.Y.) (finding no prejudice, and staying discovery, where plaintiffs sought both "damages and injunctive relief") (record citation omitted), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024). The Court is therefore satisfied that plaintiffs will suffer "no prejudice" from the stay, and "can obtain relevant and proportional discovery later," if the motions to dismiss are denied. *Konyukhova v.*

*Walgreen Co.*, 2025 WL 3257176, at *3 (S.D.N.Y. Nov. 21, 2025). The second factor therefore also weighs in favor of the requested stay.

Finally, it appears to this Court that defendants' motions to dismiss raise "substantial arguments for dismissal," *Ema Fin.*, 336 F.R.D. at 79, either for lack of subject matter jurisdiction or for failure to state a claim. First, defendants provide a number of reasons to doubt that their conduct can be fairly traced to the alleged higher premiums, which is necessary to establish that plaintiffs suffered a redressable concrete injury, as required for standing. *See* Allied Mem. at 12-18; Mercer Mem. at 8-10; Lockton Mem. at 6-13. Defendants further argue that standing does not exist since "plaintiffs d[o] not allege that they were denied any [] benefits" that they bargained for. *Gonzalez de Fuente v. Preferred Home Care of New York LLC*, 858 F. App'x 432, 434 (2d Cir. 2021) (summary order). Additionally, Mercer and Lockton, who are insurance brokers, *see* FAC ¶¶ 27, 33, claim they were not acting as fiduciaries, *see* Mercer Mem. at 10-21; Lockton Mem. at 13-19, and Allied argues that no imprudent fiduciary process existed. *See* Allied Mem. at 18-22. I acknowledge that plaintiffs have also "raised significant opposition" to defendants' motions. *Pujals v. BDO USA, P.C.*, 2025 WL 2644238, at *4 (S.D.N.Y. Sept. 15, 2025). On balance, however, "the scales tip in favor of a discovery stay." *Id.*

**Conclusion**

For these reasons, discovery is hereby STAYED pending a decision on defendants' motion to dismiss. The Clerk of Court is respectfully directed to close the motion at Dkt. 87.

Dated: New York, New York
July 20, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**